# In the United States Court of Federal Claims

No. 09-131C
(Filed: August 28, 2014)

* * * * * * * * * * * * * * * * * * * *

AMERICAN GOVERNMENT
PROPERTIES and NEW IBERIA SSA, LLC

    *Plaintiffs*,

v.

THE UNITED STATES OF AMERICA,

    *Defendant*.

* * * * * * * * * * * * * * * * * * * *

## ORDER

Pending in this Contract Disputes Act suit is defendant's motion to dismiss OR, in the alternative, for summary judgment. The main thrust of defendant's motion to dismiss is that American Government Properties ("AGP") violated the Contracts Act's prohibition against assignment of contracts with the federal government by transferring its interest in the subject lease to New Iberia SSA, LLC. *See* 41 U.S.C. § 6305 (2012) (prohibiting transfers of contract interests).

The General Services Administration ("GSA") originally issued Lease No. GS-07B-15516 to AGP on April 11, 2005. That contract called for AGP to design, build, and then lease to the government a 6,575 rentable square feet building in New Iberia, Louisiana for use by the Social Security Administration. On August 11, 2005, AGP and a newly formed entity, New Iberia SSA, LLC executed an assignment of interests in the GSA lease from AGP to New Iberia. Although the parties discussed entering a novation agreement in November 2007 to change ownership of the contract with the government's approval, and GSA sent AGP a supplemental lease agreement

to effectuate the change, neither party produced a signed agreement.[1]  We are left to conclude that none was executed by both parties.

The contract between GSA and AGP was eventually terminated for default by GSA on March 4, 2008, for, among other things, lack of progress towards completion by the mutually agreed upon delivery date.  On June 29, 2010, GSA issued a replacement lease to another contractor for a slightly larger facility.

New Iberia submitted a certified claim to the contracting officer on November 10, 2010, claiming that the termination was wrongful because the delays were caused by GSA's failure to timely provide design drawings, government changes to its requirements, GSA's failure to issue a notice to proceed, and delays caused by permitting and weather, all allegedly not the fault of plaintiffs.  The contracting officer denied the claim in late April 2011 and assessed reprocurement costs against plaintiffs of $931,020.00 and $129,600.00 in liquidated damages ($100 dollars per day) for the delay between the original completion date and the completion date under the replacement contract.

AGP and New Iberia jointly appealed that decision of the contracting officer by filing a complaint in this court on March 3, 2009, along with three other complaints regarding similar construction projects in Louisiana.  Defendant moved to dismiss this case and case number 09-153C, *American Government Properties & Houma SSA, LLC v. United States*, on the basis that plaintiffs in both cases violated the prohibition against assignment of government contracts.  We are issuing an opinion in the 09-153C docket contemporaneous with this order and adopt its reasoning in full.  As explained in that opinion, plaintiff's assignment to a third party, in this case, New Iberia, violated 41 U.S.C. § 6305 because plaintiffs do not meet the act's requirements for a valid assignment nor did the government accede to the transfer by novation or course of conduct.  Although the record reflects that the government was willing to agree to the transfer from AGP to New Iberia, it never formally did so.  It continued to communicate with and pay AGP.  Its

---

[1] Plaintiff contends that it did execute the supplemental agreement and sent both a hard copy and electronic copy to GSA on January 19, 2008.  There is no evidence that GSA received the agreement or that it executed it, nor is there secondary evidence of GSA approval, for example in the form of a change in the party with whom GSA directed correspondence.

conduct thus cannot be construed to be a knowing waiver of its rights in this regard. Per the terms of the statute, the contract between AGP and GSA was annulled. The legal consequence of which is that neither AGP nor New Iberia have standing to sue the government on that contract, and defendant's motion to dismiss for lack of jurisdiction must be granted. Accordingly, the clerk of court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly. Defendant's and plaintiff's cross-motions for summary judgment are denied as moot.

s/ Eric G. Bruggink  
ERIC G. BRUGGINK  
Judge